■ HARRIET MORICZ, Respondent, v MICHAEL MORICZ, Appellant. [756 NYS2d 78] —In a matrimonial action in which the parties were divorced by a judgment of divorce dated December 5, 2000, the defendant appeals from so much of an order of the Supreme Court, Dutchess County (Kupferman, J.H.O.), dated December 13, 2001, as denied that branch of his motion which was to release the balance of an escrow fund maintained in M&T Bank to the extent that the sum of $150,000 was directed to remain in the escrow account.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Dutchess County, for the purpose of entering an order releasing to the defendant the remaining sum of $150,000 held in the escrow account in M&T Bank.

Pursuant to prior orders of the Supreme Court, Dutchess County, the defendant, in August 1999, deposited with his attorney, in escrow, the sum of $159,234, and in August 2000 further deposited a separate sum of $580,000. The former sum represented security for the defendant's obligation under the parties' separation agreement to restore certain stocks he had taken from the parties' joint brokerage account. The latter sum represented the value of the defendant's stock options which was placed in escrow to secure the plaintiff's claimed right to

participate in those stock options. After a nonjury trial, the Supreme Court, found that the stock options were not embraced by the separation agreement and were the defendant's separate property.

After entry of a judgment dated July 24, 2001, with respect to equitable distribution, the defendant restored to the plaintiff the requisite number of the shares of stock, as split, and moved for release of the deposits remaining in escrow. There was no opposition by the plaintiff. The Judicial Hearing Officer (hereinafter the JHO) to whom this case was referred to hear and determine on consent of the parties, granted the defendant's motion to release the balance of the deposits held in escrow except for the sum of $150,000. The order originally provided that this sum would remain in escrow pending a determination regarding responsibilities for attorneys' fees. The JHO, without rendering any decision, deleted the reference to attorneys' fees and replaced it with "rights of the parties with respect to this fund."

As there is no dispute that the escrow deposits have served their purpose and that the defendant is the only party with a right to the return of that money, the JHO erred in declining to release the remainder of those funds to him. Accordingly, we remit this matter to the Supreme Court, Dutchess County, so that an appropriate order may be entered releasing the $150,000 to the defendant. Smith, J.P., Goldstein, Crane and Rivera, JJ., concur.